# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510  Telephone: (212) 317-1200
New York, New York 10165  Facsimile: (212) 317-1620

michael@faillacelaw.com

August 5, 2019

<u>BY ECF</u>
Hon. Paul A. Engelmayer
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   Gutierrez Palapa et al v. MSD Enterprises, Inc. et al
      1:19-cv-02412-PAE-GWG

Your Honor:

This office represents Plaintiffs Luis Gutierrez Palapa ("Plaintiff Gutierrez") and German Ignacio Reyes Mejia ("Plaintiff Reyes") in the above referenced matter. Plaintiffs write to submit this letter setting forth their views on why the agreed upon settlement in this matter is fair.

The parties have agreed to a negotiated settlement ("Agreement") after mediation and extensive settlement discussions. A copy of the proposed Agreement is attached hereto as "Exhibit A." We therefore ask the Court to approve the settlement, pursuant to <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d 199 (2d Cir. 2015) and dismiss the case with prejudice.

1. **Background**

Plaintiffs filed their Complaint against Defendants alleging claims for unpaid minimum wage, overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

Plaintiff Gutierrez was employed by Defendants from approximately August 24, 1997 until on or about December 2018. Throughout his employment with Defendants, Plaintiff Gutierrez regularly worked in excess of 40 hours per week. From approximately March 2013 until on or about December 2015, Plaintiff Gutierrez worked from approximately 7:00 a.m. until on or about

Page 2

6:00 p.m., 6 days a week. From approximately January 2016 until on or about December 2018, Plaintiff Gutierrez worked from approximately 8:00 a.m. until on or about 4:00 p.m., 6 days a week. From approximately January 2013 until on or about June 2015, Defendants paid Plaintiff Gutierrez a fixed salary of $350 per week. From approximately July 2015 until on or about December 2015, Defendants paid Plaintiff Gutierrez a fixed salary of $400 per week. From approximately January 2016 until on or about December 2018, Defendants paid Plaintiff Gutierrez a fixed salary of $600 per week. Plaintiff Gutierrez's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

Plaintiff Reyes was employed by Defendants from approximately March 2006 until on or about December 2018. Throughout his employment with Defendants, Plaintiff Reyes regularly worked in excess of 40 hours per week. From approximately March 2013 until on or about December 2018, Plaintiff Reyes worked from approximately 5:00 p.m. until on or about 4:00 a.m., 6 days a week. From approximately March 2013 until on or about July 2014, Defendants paid Plaintiff Reyes a fixed salary of $400 per week. From approximately August 2014 until on or about November 2017, Defendants paid Plaintiff Reyes a fixed salary of $450 per week. From approximately December 2017 until on or about December 2018, Defendants paid Plaintiff Reyes a fixed salary of $569 per week. Plaintiff Reyes's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

Defendants categorically deny the allegations in the Complaint.

## 2. Settlement Terms

Plaintiff Gutierrez alleges he was entitled to back wages of approximately $67,117.50. Plaintiff Gutierrez estimates that if he had recovered in full for his claims, he would be entitled to approximately $166,341.64 which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. Plaintiff Reyes alleges he was entitled to back wages of approximately $103,923.00. Plaintiff Reyes estimates that if he had recovered in full for his claims, he would be entitled to approximately $247,932.50 which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs.

A copy of Plaintiffs' damages chart, breaking down each amount sought from Defendants, is attached as "Exhibit B." The parties have agreed to settle this action for the total sum of $105,000. The settlement will be paid in a lump sum.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Page 3

Throughout the litigation, there were sharply contested factual and legal disputes that went to the heart of Plaintiffs' claims. Defendants were adamant that Plaintiffs worked less hours than they claimed, and indicated they were willing to provide witnesses to this effect. Defendants also indicated that satisfaction of a larger judgment would pose difficulty.

Considering the risks in this case outlined above, Plaintiffs believe that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

### 3. **Plaintiffs' Attorneys' Fees are Fair and Reasonable**

Under the settlement, and in accordance with their retainer agreements with Plaintiffs, Plaintiffs' counsel will receive $35,446.66 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation (inclusive of costs) as well as a reduction in fees from what is identified in Plaintiffs' retainer agreements, which provide that forty percent of Plaintiffs' recovery will be retained by the firm plus costs.

Plaintiff's counsel's lodestar in this case is $8,940.00. A copy of Plaintiffs' billing record is attached as "Exhibit C." Mr. Michael Faillace's standard billing rate is $450 an hour (MF) and Mr. Daniel Tannenbaum's standard billing rate is $350 an hour (DT). PL stands for paralegal work, at an hourly rate of $100 an hour.

The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Pinzon v. Jony Food Corp.*, No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'—particularly where such settlement has provided Plaintiff with a substantial and speedy result." (quoting *Hyun v. Ippudo USA Holdings et al.*, No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016).; *Shapiro v. JPMorgan Chase & Co.*, No. 11-CV-7961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); *Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

Given Plaintiff's counsels' significant experience representing Plaintiffs in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain an excellent result with relatively

Page 4

low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations.

      A brief biography of the attorneys who performed billed work in this matter is as follows:

      I am the Managing Member of Michael Faillace & Associates, P.C, and have been in practice since 1983. From 1983 to 2000, I was in-house Employment Counsel with International Business Machines Corporation (IBM). I taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and am a nationally-renowned speaker and writer on employment law. I am also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

      Daniel Tannenbaum is an associate at Michael Faillace & Associates, P.C. He graduated Hofstra Law School in 2008, and is admitted to the New York Bar, New Jersey Bar, United States District Court, Southern District of New York and the United States District Court, Eastern District of New York. Since law school he has practiced labor and employment law and commercial litigation at a number of law firms. Since joining Michael Faillace & Associates, P.C. in March 2019, he has been responsible for a caseload involving all aspects of the firm's employment docket in federal court.

      Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

      Respectfully submitted,

      /s/Michael Faillace
      Michael Faillace, Esq.
      MICHAEL FAILLACE & ASSOCIATES, P.C.
      Attorneys for the Plaintiff

Enclosures